1  DANIEL FOX (SBN 268757)
   daniel.fox@klgates.com
2  JONATHAN THEONUGRAHA (SBN 306812)
   jonathan.theonugraha@klgates.com
3  K&L GATES LLP
   Four Embarcadero Center, Suite 1200
4  San Francisco, CA  94111
   Telephone: +1 415 882 8200
5  Facsimile: +1 415 882 8220

6  Attorneys for Defendants
   ENEL KANSAS, LLC and
7  ENEL SURPRISE VALLEY, LLC

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  **Moose Hills, LLC,** an Idaho limited liability company, | Case No.: CU-22-012 |
| 12 | **NOTICE OF REMOVAL BY DEFENDANTS ENEL KANSAS, LLC AND ENEL SURPRISE VALLEY, LLC** |
| 13                    Plaintiff, | |
| 14        vs. | |
| 15  **Enel Kansas, LLC**, a Delaware limited liability company; **Enel Surprise Valley, LLC**, a Delaware Limited Liability Company; **DOES 1-25** inclusive, | |
| 16 | |
| 17                    Defendants. | Complaint Filed:   April 19, 2022<br>Trial Date:            TB |
| 18 | |

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Enel Kansas, LLC and Enel Surprise Valley, LLC (collectively, the "Enel Defendants") hereby remove to this Court the state court action described below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. On April 19, 2022, plaintiff Moose Hills, LLC ("Moose Hills" or "Plaintiff") commenced an action in the Superior Court of the State of California in and for the County of Modoc, entitled *Moose Hills, LLC, an Idaho limited liability company*, Plaintiffs, vs. *Enel Kansas, LLC, a Delaware limited liability company; Enel Surprise Valley, LLC, a Delaware limited liability Company; Does 1-25 inclusive*, Defendants, as Case Number CU-22-012.

2. On April 22, 2022, Plaintiff served the Enel Defendants with a copy of the summons and complaint. A copy of the summons and complaint is attached as **Exhibit 1** (the "Complaint").

3. In addition to the Complaint, Plaintiff also served the Enel Defendants with a copy of Plaintiff's Ex Parte Application for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction (the "Ex Parte Application"). A copy of the Ex Parte Application is attached as **Exhibit 2**.

4. The Complaint alleges that Plaintiff and the Enel Defendants reached an agreement whereby Plaintiff would purchase Enel's interests, "via a sublease," in certain real property in Modoc County, known as Enel's Surprise Valley Geothermal Project ("Surprise Valley Project" or the "Property"), for the benefit of temporary possessory rights to a well and other geothermal assets located on the Property. Compl., ¶¶ 12-13.

5. Plaintiff claims that the Enel Defendants breached this agreement by refusing to sell or sublease the Property to Plaintiff, and violated a mutual confidentiality agreement between the parties by considering third party offers for Enel's interests associated with the Surprise Valley Project. Compl., ¶¶ 30-33.

6. Plaintiff's Ex Parte Application sought to enjoin the Enel Defendants from selling, transferring, or executing any leases for the Surprise Valley Project.

7. On April 25, 2022, the Enel Defendants filed their Opposition to Plaintiff's Ex Parte Application. A copy of the Enel Defendants' Opposition is attached hereto as **Exhibit 3.**

8. The Modoc County Superior Court denied Plaintiff's ex parte request for a temporary restraining order and set the order to show cause hearing for May 19, 2022. A copy of the Order denying Plaintiff's ex parte request is attached as **Exhibit 4.**

9. After reviewing the filings by both parties, and consideration of the arguments at the hearing, the Modoc County Superior Court granted the preliminary injunction on May 23, 2022. True and correct copies of the parties' filings and the Order granting preliminary injunction are attached as **Exhibits 5** and **6**, respectively.

10. The Enel Defendants filed their answer to the Complaint on June 8, 2022, and propounded written discovery to Plaintiff on June 24, 2022. A copy of the Enel Defendants' answer is attached as **Exhibit 7**.

11. On July 22, 2022 Plaintiff served its discovery responses by regular mail. Defendants received Plaintiff's responses on July 27, 2022. In its response to the requests for admission, Plaintiff admitted that no member of Moose Hills, LLC is domiciled in Delaware:

> **Response to Request for Admission No.7**
> Objection, vague as to "domiciled." Objection, violative of the zone of privacy. See Article I, Section I of the California Constitution. Objection, relevance. Subject to the foregoing objections, and without waiving the same, responding party responds as follows:
> Admit. Discovery and investigation to continue, responding party reserves the right to supplement this response as discovery and investigation continue.

Plaintiff Moose Hills, LLC's Responses to Requests for Admission (Set One), attached hereto as **Exhibit 8**, pp. 4:11-17; *see also* Enel Defendants' Requests for Admission to Plaintiff Moose Hills, attached hereto as **Exhibit 9**, pp. 3:1-2.

## II.   CITIZENSHIP OF THE PARTIES

12. Defendant Enel Kansas, LLC, is a Limited Liability Company formed under the laws of the State of Delaware. Compl., ¶ 2.

13. Defendant Enel Surprise Valley, LLC, is a Limited Liability Company formed under the laws of the State of Delaware. Compl., ¶ 3.

14. The members of Enel Kansas, LLC and Enel Surprise Valley, LLC are all citizens of Delaware. Thus, the Enel Defendants are citizens of Delaware. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC is a citizen of every state of which its owners/members are citizens).

15. In the Complaint, Plaintiff alleges that "[a]t all times relevant herein, Moose Hills, LLC, an Idaho Limited Liability Company ("Moose Hills") was an Idaho Company existing under the laws of the State of Idaho." Comp., ¶ 1. The Complaint does not allege the citizenship of Moose Hill's members.

16. In its discovery responses served on July 22, 2022, Plaintiff admits that none of its members are domiciled in Delaware.

17. No other defendants have been named or served in the state court action.

18. Thus, complete diversity of citizenship exists because the Enel Defendants are citizens of Delaware and Plaintiff is not a citizen of Delaware.

19. Although the complaint names "doe" defendants sued under fictitious names, pursuant to 28 U.S.C. § 1441(b), the Court disregards the citizenship of defendants sued under fictitious names for purposes of assessing its jurisdiction following removal. *See Newcombe v. Adolf Coors Co.*, 157 F3d 686, 690-91 (9th Cir. 1998). Thus, the naming of "doe" defendants 1 through 25, inclusive, does not deprive this Court of jurisdiction.

### III. AMOUNT IN CONTROVERSY

20. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

21. Defendant can establish the necessary amount in controversy based on the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

22. The Complaint asserts six causes of action: (1) Breach of Contract (First Count – Specific Performance), (2) Breach of Contract (Second Count), (3) Breach of Covenant of Good Faith

and Fair Dealing, (4) Promissory Estoppel, (5) Fraud – False Promise, and (6) Tortious Interference with Prospective Economic Advantage.

23. Each cause of action is rooted in Plaintiff's allegations that the Enel Defendants agreed to transfer their interests in certain leases and geothermal assets associated with the Surprise Valley Project to Plaintiff, then failed to do so.

24. Plaintiff alleges that as a result of the Enel Defendants' conduct, it has paid at least "a deposit of $2,500,000.00 tendered" for a "$5,00,000.00 drilling contract," "45,000.00 incurred with applying for and writing a government grant for the geothermal project," and "due diligence costs of $44,000.00." Compl. ¶ 87.

25. The Complaint also alleges damages for loss of profits "in an amount to be proven at trial, but in no event less than $30,000,000.00. Compl. ¶ 44.

26. Although the Enel Defendants deny all liability alleged in the Complaint, it is "facially apparent" from the Complaint that the amount in controversy significantly exceeds $75,000. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377. Therefore, removal is appropriate and proper.

**IV. REMOVAL PROCEDURE**

27. **The Removal Venue is Proper.** Removal to the United States District Court for the Eastern District is proper because the Complaint was filed in the Superior Court of the State of California for the County of Modoc, which is located within the jurisdiction of this District. 28 U.S.C. § 1446(a); E.D. Cal. R. 120(d).

28. **The Removal is Timely.** This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of the Enel Defendants' receipt of Plaintiff's discovery responses served by regular mail on July 22, 2022.

29. Because the Complaint did not reveal the citizenship of Plaintiff's individual members, there was no basis for removal when this action was originally commenced. *Johnson v. Columbia Properties Anchorage, LP, supra*, 437 F.3d at 899 (holding that an LLC is a citizen of every state of which its owners/members are citizens).

30. The 30-day removal period did not commence until the Enel Defendants received Plaintiff's discovery responses stating that none of its members are domiciled in Delaware and, thus,

4
**NOTICE OF REMOVAL BY DEFENDANTS ENEL KANSAS, LLC AND ENEL SURPRISE VALLEY, LLC**

revealing the existence of complete diversity as Plaintiff is not a citizen of Delaware. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695–96 (9th Cir. 2005) (holding that a complaint that revealed only the plaintiff's former residency but not current citizenship, did not trigger the 30-day removal period).

31. Pursuant to 28 U.S.C. 1446(a), the documents attached hereto as **Exhibits 1 through 7** constitute all the process, pleadings, and orders served upon the Enel Defendants.

32. **Notice to Plaintiff and State Court.** Pursuant to 28 U.S.C. § 1446(d), the Enel Defendants are filing written notice of this removal with the Superior Court of the State of California for the County of Modoc concurrently with the filing of this Notice, and will serve that notice on Plaintiff. A copy of the notice to be filed in state court is attached as **Exhibit 10**.

**WHEREFORE**, Plaintiff's Complaint is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendants hereby remove this action from the Superior Court of the State of California for the County of Modoc, to the United States District Court for the Eastern District of California, and respectfully request that this Court proceed with the matter as if it had been filed originally herein.

Respectfully submitted,

K&L GATES LLP

Dated: August 22, 2022    By: */s/ Daniel W. Fox*
Daniel Fox
Jonathan Theonugraha
Attorneys for Defendants