1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MOOSE HILLS, LLC,                          No.  2:22-cv-01488 MCE AC

12                    Plaintiff,

13           v.                                   ORDER

14    ENEL KANSAS, LCC and ENEL
      SURPRISE VALLEY, LLC,
15
                      Defendants.
16

17

18           This matter is before the court on plaintiff's motion to compel.  ECF No. 15.  Plaintiff

19    improperly included a substantive memorandum in the noticed motion, and defendant filed an ex

20    parte application to file a separate response (ECF No. 17), but the parties ultimately complied

21    with the Local Rules and filed a joint statement at ECF No. 19.  Only the joint statement and

22    accompanying exhibits have been considered.  The ex parte application (ECF No. 17) is therefore

23    DENIED as MOOT.

24           The motion to compel was submitted on the papers.  ECF No. 16.  Based on a review of

25    all documents and argument presented, the court GRANTS plaintiff's motion and ORDERS

26    defendant to turn over all non-privileged documents responsive to plaintiff's Requests for

27    Production 4, 5, and 7 to plaintiffs within ten (10) days of this order.  Because plaintiffs brought a

28    meritorious motion to compel, the court GRANTS their request for attorneys' fees, though in the

reduced amount of $7,000, to be paid within 10 days of this order.  The court also orders the

parties to submit a stipulated protective order for review by the court within 14 days of this order.

## I.      Relevant Background

Plaintiff filed its complaint for breach of contract, breach of the covenant of good faith

and fair dealing, promissory estoppel, fraud (false promise), and tortious interference with a

prospective economic advantage against defendants in state court on April 19, 2022.  ECF No. 1-

1.  The action was subsequently removed to federal court based on diversity jurisdiction.  ECF

No. 1.  The complaint alleges as follows.

Defendant Enel Kansas ("Enel") reached an enforceable agreement with plaintiff ("Moose

Hills") whereby Moose Hills would purchase Enel's interest in a sublease of the Surprise Valley

property, in addition to rights to a well thereon, for $100,000.00.  ECF No. 1-1 at 4.  Moose Hills

is developing a geothermal project in Modoc County, California, and desired the rights to the

wells on the Surprise Valley Property, which are leased by Enel.  At the onset of interactions

between Moose Hills and Enel, it seemed clear to Moose Hills that Enel was going to allow its

lease on Surprise Valley to expire.  Id.  However, after substantial investigation and investment

into the geothermal project by Moose Hills, Enel agreed to renew its lease in anticipation of an

agreement with Moose Hills.  On June 7, 2021, Enel solicited a Letter of Intent from Moose Hills

to establish an outline of the terms between the parties.  Id. at 5.  On June 15, Enel indicated it

would review the terms with its board, and on June 17 Enel confirmed in an email that it had

approval to proceed with the contemplated Agreement based on the terms outlined in the Letter of

Intent.  Id.  Between June 9, 2021 and April 9, 2022 the parties communicated regarding a non-

disclosure agreement, an exclusivity agreement, geothermal well rights, and an intended sublease

of the Surprise Valley property.  Id.  On June 28, 2021, the parties entered into a Non-Disclosure

Agreement  which provided that information obtained in the course of the parties' discussions

was the sole property of the disclosing party.  Id.

On June 29, 2021, Enel confirmed it would extend its master leases to preserve its ability

to sublease Surprise Valley to Moose Hills, promising and assuring Moose Hills that it did not

need to worry about the expiration of the lease.  Id. at 6.  After 10 months of correspondence,

Moose Hills agreed to the form of the Agreement to purchase the interest in Surprise Valley.  Id.
On October 27, 2021, Moose Hills expressed frustration at the delay and requested confirmation
that a deal has been reached.  Id.  On October 28, 2021, Enel responded and confirmed their
intent to sell the interest to Moose Hills, stating that it would send a draft agreement shortly. Id.
In reliance on this, Moose Hills invested money into a drilling contract, attorneys fees, a line of
credit, government grant applications, and due diligence.  Id.

On or about April 8, 2022, Moose Hills became informed that Enel was considering third
party offers for its interests in Surprise Valley, LLC, the entity holding Enel's leases for the
Surprise Valley Property.  Id.  On April 10, 2022 Moose Hills sought confirmation from Enel on
or before April 18, 2022 that it was not attempting to breach the parties' agreement by shopping
the asset to third parties.  Id.  Enel ignored the request for confirmation, and Moose Hills alleges
that Enel has breached and continues to breach the agreement.  Id. at 7.  Further, Moose Hills
contends that Enel has revealed confidential prosects of the Surprise Valley Property to third
parties in breach of the non-disclosure agreement.  Id.

## II.    Motion

Plaintiff filed the pending motion to compel on April 10, 2023.  ECF No. 15.  The parties'
joint statement was filed on April 19, 2023.  ECF No. 19.[1]  Plaintiff's motion raises two
questions: (1) is Enel Kansas obligated to disclose documents related to communications between
itself and third parties concerning the Surprise Valley property from the period of January 1, 2019
through January 24, 2023, and (2) is Enel Kansas obligated to disclose documents related to
communications between itself and its parent company/related companies concerning the Surprise
Valley property from the period of January 1, 2019 through January 24, 2023.  Defendants assert
that the issue is even more narrow because they have agreed to comply with plaintiff's discovery
requests with one exception: they have not agreed to provide documents concerning competing
third-party offers that did not result in a sale.  ECF No. 19 at 20.

---

[1]  In the joint statement, plaintiff improperly embeds a request for an extension of discovery
deadlines. The court will not consider this issue here; it must be brought by separate motion
directed to the judge who set the schedule plaintiff wishes to amend.

In the motion, plaintiff specifically refences three Requests for Production, set forth below:

Request for Production No. 4

Produce any and all DOCUMENTS in YOUR possession, custody and control relating to communications Defendants Enel Kansas, LLC's employees, agents, officers, and owners have had with any person or entities relating to the "Surprise Valley Property," (commonly referred to as Enel's Surprise Valley Geothermal Project SVGP) from January 1, 2019 through to January 24, 2023.

RESPONSE TO REQUEST NO. 4:

Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent that Plaintiff's definition of the term "YOUR" purports to include entities other than the named defendants in this action, or calls for production of documents and information not in Defendants' possession, custody, or control. Defendants further object to this Request as overbroad and unduly burdensome to the extent that it seeks "any and all DOCUMENTS . . . relating to" the recited subject matter, which would include information beyond the scope of the claims asserted, beyond issues relevant to the current Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks responsive documents beyond the time period relevant to this litigation. Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine and/or other applicable privileges. Defendants further object to this Request insofar and to the extent that it seeks documents and information that constitute or evidence confidential and/or proprietary information, or information belonging to third parties with whom Defendants have entered into non-disclosure or confidentiality agreements that prohibit the disclosure of such information by Defendants. Defendants are withholding documents on the basis of these objections and are willing to meet and confer with Plaintiff regarding the scope and meaning of this Request and Defendants' objections and responses thereto.

Request for Production No. 5

Produce any and all DOCUMENTS in YOUR possession, custody and control relating to communications Defendants Enel Kansas, LLC's employees, agents, officers, and owners have had with any person or entities relating to the sale, transfer, assignment, lease, or sublease of any of the leases which Defendant Enel Kansas, LLC, or Defendant Enel Surprise Valley, LLC holds for the "Surprise Valley Property," (commonly referred to as Enel's Surprise Valley Geothermal Project SVGP) from January 1, 2019 through to January 24, 2023.

////

4

RESPONSE TO REQUEST NO. 5:

Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent that Plaintiff's definition of the term "YOUR" purports to include entities other than the named defendants in this action, or calls for production of documents and information not in Defendants' possession, custody, or control. Defendants further object to this Request as overbroad and unduly burdensome to the extent that it seeks "any and all DOCUMENTS . . . relating to" the recited subject matter, which would include information beyond the scope of the claims asserted, beyond issues relevant to the current litigation, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks responsive documents beyond the time period relevant to this litigation. Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney- client privilege, the work product doctrine and/or other applicable privileges. Defendants further object to this Request insofar and to the extent that it seeks documents and information that constitute or evidence confidential and/or proprietary information, or information belonging to third parties with whom Defendants have entered into non-disclosure or confidentiality agreements that prohibit the disclosure of such information by Defendants. Defendants are withholding documents on the basis of these objections and are willing to meet and confer with Plaintiff regarding the scope and meaning of this Request and Defendants' objections and responses thereto.

Request for Production No. 7

Produce any and all DOCUMENTS in YOUR possession, custody and control relating to communications Defendants Enel Kansas, LLC's employees, agents, officers, and owners have had with the employees, agents, officers, and owners of the entities known as Enel, Enel S.p.A., Enel Group, and any of its subsidiary, sister, parent, or relate corporations or entities, concerning the "Surprise Valley Property," (commonly referred to as Enel's Surprise Valley Geothermal Project SVGP) from January 1, 2019 through to January 24, 2023.

RESPONSE TO REQUEST NO. 7:

Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent that Plaintiff's definition of the term "YOUR" purports to include entities other than the named defendants in this action, or calls for production of documents and information not in Defendants' possession, custody, or control. Defendants further object to this Request as overbroad and unduly burdensome to the extent that it seeks "any and all DOCUMENTS . . . relating to" the recited subject matter, which would include information beyond the scope of the claims asserted, beyond issues relevant to the current litigation, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the

needs of the case. Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks responsive documents beyond the time period relevant to this litigation. Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney- client privilege, the work product doctrine and/or other applicable privileges. Defendants are withholding documents on the basis of these objections and are willing to meet and confer with Plaintiff regarding the scope and meaning of this Request and Defendants' objections and responses thereto.

ECF No. 19 at 13-14.

### III.    Analysis/Summary of the Evidence

A.  <u>Legal Standard on Motion to Compel</u>

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The Rule states:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden

of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

  B. The Requests for Production are Relevant and, as Modified, Not Overbroad

   The court takes defendants at their word that the only remaining issue is whether defendants must provide documents concerning competing third-party offers that did not result in a sale.  ECF No. 19 at 20.  Defendants argue that such information is not relevant to plaintiff's damages claim, that plaintiff has failed to describe with particularly what confidential or proprietary information Enel purportedly disclosed to third parties, and that unsolicited third-party offers are not relevant and disproportionate to plaintiff's needs in establishing its claims.

   The court generally disagrees with defendants' argument.  First, communications and negotiations with third parties go to the heart of plaintiff's claims as described above, not simply to damages and/or the value of the property.  Second, to the extent defendants argue the merits of plaintiff's case by stating that plaintiff has not met its pleading obligations with respect to what proprietary information was allegedly shared, the sufficiency of the pleadings is not before the undersigned on this discovery motion.  Third, the requests are sufficiently narrowly tailored and not overbroad except as to time: they each ask for documents beginning January 1, 2019, when the complaint itself alleges that communications between the parties began in June of 2021.  ECF No. 1-1 at 5.  While plaintiffs may be interested in what types of offers defendants had before the parties became engaged with one another, such information is beyond the scope of plaintiff's complaint.  Thus, the motion to compel will be granted, except that defendants are not obligated to produce documents dated prior to June of 2021.

   Finally, to the extent there is any concern regarding the private information of third parties, this concern is easily addressed with a stipulated protective order.  The joint statement indicates that the parties are in negotiations regarding such a statement.  ECF No. 19 at 22.  To

1    circumvent dilatory conduct on the part of any party, the court will order that a stipulated

2    protective order be filed with the court for review and approval within 14 days of this order.

3          C.   Attorney's Fees and Costs

4          Because plaintiff's motion to compel is meritorious, an award of fees and costs is

5    appropriate pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and E.D. Cal. R. ("Local

6    Rule") 230.  The appropriate method for computing fees in this case is the lodestar approach, in

7    which the court multiplies the number of hours reasonably expended on the motion by a

8    reasonable hourly rate.  Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988).

9    "The measure to be used 'is not actual expenses and fees but those the court determines to be

10   reasonable.'"  Matter of Yagman, 796 F.2d 1165, 1184–85 (9th Cir.1986).

11         Here, plaintiff filed a detailed billing statement totaling 37.5 hours, but 20 of those hours

12   were anticipated and never actually materialized (16 hours for travel to and from the hearing, 4

13   hour for drafting a reply brief).  ECF No. 19-2 at 6.  Plaintiff requests a rate of $400 per hour,

14   which defendants do not oppose.  Looking at awards in similar cases, the court finds that the

15   hourly rate charged by plaintiff's attorney is reflective of the prevailing market rate within the

16   Eastern District of California, Sacramento Division.  The court will therefore award plaintiff

17   compensation for 17.5 hours of attorney work at the rate of $400 per hour, for a total award of

18   $7,000.

19                              **IV.    Conclusion**

20         For the reasons explained above, it is hereby ordered as follows:

21              a.   Plaintiff's motion to compel the production of documents (ECF No. 15) is

22                  GRANTED and responsive documents must be produced within 10 days of this

23                  order;

24              b.   Defendants' ex parte motion (ECF No. 17) is DENIED as MOOT;

25              c.   The parties are ORDERED to file a stipulated protective report for the court's

26                  approval within 14 days of this order; and

27   ////

28   ////

8

1           d.  Defendants are ORDERED to pay plaintiff $7,000 in attorney's fees within 10

2              days of this order.

3          IT IS SO ORDERED.

4      DATED: May 12, 2023

5

6      ALLISON CLAIRE
       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28